UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rashid Fehmi Ibrahim, | Case No. 19-cv-896-MJD-KMM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden M. Rios, | |
| Respondent. | |

On April 1, 2019, Rashid Ibrahim filed a petition for a writ of habeas corpus arguing that the Bureau of Prisons was improperly refusing to apply credit for "good time" as required by the First Step Act. Pet., ECF No. 1. In response to the petition, the government stated that the relevant provision of the First Step Act did not become effective until July 19, 2019. On July 31, 2019, the Court observed that the Bureau of Prisons' Inmate Locator reflected a change to Mr. Ibrahim's release date based on an additional award of good time credits, possibly rendering his petition moot. Order, ECF No. 9. The Court gave Mr. Ibrahim "until August 14, 2019, to submit any information he wishes in support of his petition, or to advise the Court that he no longer wishes to pursue the relief sough." *Id.* The Court further indicated

that the government could file a response to any submission of Mr. Ibrahim by August 19th. *Id.*

Mr. Ibrahim did not file anything with the Court by the August 14th deadline. On August 16, 2019, the government filed a supplemental response to the petition advising the Court that Mr. Ibrahim's good conduct time was, in fact, recalculated, making his projected release date March 29, 2020, instead of April 26, 2020. Suppl. Resp. at 1–2, ECF No. 10. The government argues that the petition should be dismissed because it has become moot as a result of the recalculation of Mr. Ibrahim's good conduct time. *Id.* at 2–4.

In light of the recalculation of Mr. Ibrahim's good conduct time and his failure to file anything in response to the July 31st Order, the Court concludes that the petition is moot. *See Newton v. Barnes*, No. 19-cv-1037 (ECT/ECW), 2019 WL 2743712, at *1 (D. Minn. July 1, 2019) ("When … the issues presented in a case lose their life because of the passage of time or a change in circumstances … and a federal court can no longer grant effective relief, the case is considered moot.") (quotation marks omitted).[1] Here, Mr. Ibrahim challenged the alleged failure of the BOP to comply with the First Step Act's requirement to recalculate his good conduct time.

---

[1]   None of the four exceptions to the mootness doctrine apply under the circumstances of this case. *Newton*, 2019 WL 2743712, at *1–2.

The BOP has now recalculated his good conduct time, resulting in an earlier projected release date. Mr. Ibrahim has not indicated any disagreement with the BOP's recalculation of his good conduct time.

Accordingly, **IT IS HEREBY RECOMMENDED THAT** Mr. Ibrahim's Petition for a Writ of Habeas Corpus **[ECF No. 1]** be **DENIED AS MOOT** and this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Date: August 27, 2019                                    *s/ Katherine Menendez*
                                                         Katherine Menendez
                                                         United States Magistrate Judge